[Crim. No. 439. First Appellate District.—June 12, 1913.]

THE PEOPLE, Respondent, v. ARTHUR J. MEADOWS, et al., Appellants.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—ALLEGA-
TIONS AND PROOF.—Where an information for obtaining money under
false pretenses alleges several false pretenses, the proof of one of
them will sustain a conviction.

ID.—VARIANCE—PROOF OF ONE OF SEVERAL ALLEGED MISREPRESENTA-
TIONS.—If the people fail to prove one of the misrepresentations
alleged, but make ample proof of other alleged misrepresentations
which induced the complaining witness to part with his money, there
is no variance between the information and the proof, and a judg-
ment of conviction should be sustained.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refusing
a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Arthur J. Meadows, N. C. Coghlan, Charles W. Hickey,
John F. Williams, Arthur Joel, and Francis Dunn, for Ap-
pellants.

U. S. Webb, Attorney-General, for Respondent.

THE COURT.—The defendants were jointly charged, tried,
and convicted of the crime of obtaining money by false pre-
tenses. Each was sentenced to a term of three years in the
state prison. This appeal is by them from the judgment and
from an order denying their motion for a new trial.

The principal point on which defendants rely for a re-
versal is that there is a variance between the false pretenses
charged and those proved in this, that the information charges
that the defendants represented to the complaining witness
that a state license would be necessary to authorize him to
employ certain laborers, whereupon he paid them money for
the purpose of procuring such license for him; whereas the
evidence shows that the suggestion as to the necessity for the
license came from the complaining witness.

The specific charge in the information was that the defendants on the twenty-ninth day of April, 1912, obtained from Tony Raptis sixty dollars by means of the following false pretenses:

(1) That there was in existence a corporation known as the "Great Western Power and Development Company" of California, engaged in the business of transmitting electricity through several counties in the state;

(2) That Meadows and Hickey had entered into an agreement with said Great Western Power and Development Company whereby they were employed to secure three thousand laborers for said corporation;

(3) That said defendants would employ said Tony Raptis to assist them in securing said laborers;

(4) That a certain instrument which said defendants had in their possession and which they showed to said Tony Raptis was a state license authorizing the bearer to employ laborers, and they would deliver same for sixty dollars;

(5) That after said Tony Raptis had secured said license the defendants would employ him to collect two dollars and fifty cents a head from all those employed, and to deliver the same to defendants, after which the defendants would pay him five hundred dollars for his services;

(6) That defendants had also been employed to secure a general foreman and that they would employ Tony Raptis as general foreman.

The evidence introduced on behalf of the people shows that the defendants at the time alleged in the information called upon Tony Raptis and falsely represented that they had a contract with the Great Western Power and Development Company (which in fact had no existence), according to the terms of which they were to supply the corporation with three thousand laborers to do certain work. At the same time they exhibited to him a contract between them and the corporation, drawn on the letter-head of the corporation, which provided among other things elaborately set forth, that they were to supply the corporation with said laborers. The contract was signed on behalf of the corporation by A. H. Barton, as superintendent, a fictitious person. With this contract the complaining witness was also shown by the defendants a communication from the corporation on a letter-head bearing its

name, addressed to one of the defendants, which read in part: "Pursuant to the agreement sent herewith in duplicate, you will please send me seven hundred and fifty men to be employed on our construction work in Alameda County, and be prepared to send them on receipt of notice, which will be on or about the seventh day of May. This number must include five foremen."

Upon the strength of these representations, believing them to be true, he entered into an agreement with the defendants whereby he was to secure for them the three thousand laborers and to charge $2.50 for each one employed, and turn the money thus collected over to the defendants, for which service he was to receive the sum of five hundred dollars.

Where several false pretenses are alleged the proof of one will sustain a conviction. (Bishop's New Criminal Law, sec. 418; 12 Am. & Eng. Ency. of Law, p. 814.) Conceding that the people failed to prove, as alleged, the representation as to the necessity for a license in order that Raptis should have authority to secure the laborers, still the people introduced ample proof as to the other allegations of misrepresentations; and as the evidence further shows that it was these representations that induced Raptis to part with his money we have no doubt that the judgment of conviction ought to be sustained. True, the suggestion as to a license was first made by the complaining witness, but it was not because of what was stated concerning the license that Raptis parted with the sixty dollars. He handed the sum to the defendants for a license, relying wholly on the false and fraudulent representations as to the existence of the corporation and of the contract for the employment of laborers. These representations were the operating cause which induced him to suggest, "I can't do this without a license," and to pay the money.

There is no merit in the position that there was a variance between the proof and the information. (2 Bishop's New Criminal Law, sec. 424.)

Defendants make other points, but one of them is disposed of by what we have already said; and as to the others—which have reference to the admission of evidence—it is sufficient to say that we have examined them and find that they are without merit.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on July 11, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11. 1913.